**Kay PARRA, Plaintiff—Appellant,**

v.

**CIGNA GROUP INSURANCE; et al., Defendants—Appellees.**

No. 03–15478.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kay Parra, pro se, Livermore, CA, for Plaintiff–Appellant.

Peter E. Romo, Jr., Esq., Carolyn A. Knox, Esq., Carrie L. Daughters, Esq., Seyfarth Shaw, San Francisco, CA, James H. Fleming, Esq., Robert Phillips, Jr., Esq., Eugenia S. Chern, Esq., Fleming and Phillips LLP, Walnut Creek, CA, for Defendants–Appellees.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Kay Parra appeals pro se the district court's summary judgment dismissing her action seeking accidental death benefits from her husband's ERISA plan administrator and other insurers. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan,* 46 F.3d 938, 942 (9th Cir.1995), and we affirm.

The district court properly granted summary judgment on Parra's claims against the insurers because she had the burden of proof to establish coverage under the relevant policies, and she did not produce sufficient evidence that her husband's death was caused by his car accident. *See Weil v. Fed. Kemper Life Assurance Co.,* 7 Cal.4th 125, 27 Cal.Rptr.2d 316, 866 P.2d 774, 788 (Cal.1994); *Padfield v. AIG Life Ins. Co.,* 290 F.3d 1121, 1125 (9th Cir.), *cert. denied,* 537 U.S. 1067, 123 S.Ct. 602, 154 L.Ed.2d 556 (2002) (courts interpret-

ing ERISA policies may borrow from state law where appropriate).

Parra's remaining contentions lack merit.

The parties shall bear their own costs on appeal.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

